NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0763n.06

No. 09-1504

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 15, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOHN THOMPSON, aka John Thompson-Bey, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RICHARD STAPLETON, JOANN RICCI; | ) | THE EASTERN DISTRICT OF |
| L. MCMILLIAN and JERRY HOFBAUER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellees | ) | |
| | ) | |
| GLENDA WELLS; ROBIN PRATT; and | ) | |
| HAROLD WHITE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before: MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. John Thompson-Bey, proceeding pro se, appeals the district court's grant of summary judgment to various defendants in this 42 U.S.C. § 1983 action. We review the district court's decision de novo, and construe the facts in the light most favorable to Thompson-Bey. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Thompson-Bey sued multiple prison officials in their official and individual capacities, alleging that they deprived him of due process in connection with a June 24, 1996, prison disciplinary hearing. The hearing arose after Thompson-Bey killed another inmate. Thompson-

Bey's official-capacity claims seeking monetary relief are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). And because Thompson-Bey has been released from prison, there is no continuing violation, and thus his official-capacity claims for declaratory relief are barred. *See Banas v. Dempsey*, 742 F.2d 277, 284-88 (6th Cir. 1984). In addition, Thompson-Bey did not appeal the district court's grant of summary judgment in favor of Ricci and Stapleton in their individual capacities, so he has abandoned those claims. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991).

We next consider Thompson-Bey's individual-capacity claims against McMillian, who was a prison investigator assigned to Thompson-Bey's case. Thompson-Bey gave McMillian written interrogatories for several witnesses and other questions to investigate. Thompson-Bey contends that McMillian violated his due-process rights by delaying Thompson-Bey's access to the responses to those questions until after the disciplinary hearing. That claim is meritless; the minimal due-process rights afforded a prisoner in disciplinary hearings do not include access to interrogatory responses. *See generally Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Moreover, Thompson-Bey had no due-process right to confront or cross-examine witnesses, *id*. at 568, and was not even entitled to a hearing investigator. *See Love v. Farley*, 925 F.2d 1464 (6th Cir. 1991) (unpublished); *see also Wolff*, 418 U.S. at 570.

Thompson-Bey also argues that, because he was being held in administrative segregation pending his disciplinary hearing, McMillian's delay in providing the responses to his questions prevented Thompson-Bey from preparing a defense. But *Wolff* requires advance notice of the

charges, not the evidence. *See Wolff*, 418 U.S. at 563-64. Thompson-Bey received the required notice.

Thompson-Bey's allegations against Hofbauer are likewise meritless. He argues that Hofbauer, the prison warden, denied his step-II grievance against McMillian, and thereby "knowingly approved and acquiesced" in McMillian's unconstitutional conduct. But there was no unconstitutional conduct, so this claim fails. And Hofbauer's denial of Thompson-Bey's administrative grievance is otherwise not actionable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The district court's judgment is affirmed.